```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHERMAN ARTWELL,<br><br>           Petitioner,<br><br>     v.<br><br>STEPHEN D'ILIO, et al.,<br><br>           Respondents. | Civil No. 14-0386 (NLH)<br><br><br>**OPINION** |

**APPEARANCES**:

    SHERMAN ARTWELL, #428620B
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625
        *Pro Se Petitioner*

    LINDA A. SHASHOUA, Assistant Prosecutor
    MARY EVA COLALILLO, CAMDEN COUNTY PROSECUTOR
    25 North Fifth Street
    Camden, NJ 08102
        *Attorneys for Respondents*

**HILLMAN, District Judge**:

    Sherman Artwell filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Camden County, on August 4, 2006, imposing a sentence of life in prison plus five years.  The State filed an Answer and the record.  After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition without prejudice and deny a certificate of appealability.

## I.   BACKGROUND

A.   The Crime

Zoranda ("Randy") Paulson was involved in relationships with Artwell and the victim, Ronald Jackson. About a week before Jackson's death on August 11 or 12, 2002, Paulson informed Artwell and Jonathan Martin, Paulson's cousin, that Jackson had raped and beaten her; the three decided that Jackson should be "choked out" and set on fire. *State v. Artwell,* 2013 WL 68722 (N.J. Super. Ct., App. Div., Jan. 8, 2013). On August 11, 2002, Artwell, Martin, and Paulson were at Paulson's house when Jackson arrived. After Martin left, an altercation between Jackson and Artwell occurred. Jackson raised his arms as if he were going to stab Artwell with a pen and Artwell held Jackson in a chokehold until he was knocked out but alive. Artwell and Paulson put duct tape around Jackson's legs and hands and over his mouth and nose, cleaned his fingernails to remove evidence that might link him to Artwell, and placed Jackson, still breathing, into the basement. Paulson drove Artwell home. Paulson checked on Jackson when she put her children to bed, determined that he was still breathing, and put more duct tape on his face from his nose to his eyebrows. After that,

> [Artwell] called Paulson, and she told him that Jackson was still breathing. [Artwell] told her that she and Martin had to get Jackson out of there. Later, she called [Artwell] and told him Jackson had stopped breathing. [Artwell] directed her to put Jackson in the car and burn him because it was warm and his body would

2

>     smell.  [Artwell] then called Martin and asked him to
>     help Paulson.  Martin complied.  They wrapped Jackson in
>     a sheet and moved him from the basement to the front
>     door.  Martin also thought Jackson was dead because his
>     body was cold and stiff.  Martin and Paulson left Jackson
>     inside and near the front door while they went to get
>     lighter fluid and enough gas to start a fire.  They then
>     put Jackson on the floor of Jackson's car between the
>     front and back seats and drove to an abandoned lot where
>     they set the car afire and fled.  Upon returning to
>     Paulson's house, they called [Artwell].

*State v. Artwell*, 2013 WL 68722 at *2 (N.J. Super. Ct., App. Div., Jan. 8, 2013).

B.   The State Court Proceedings

On June 18, 2003, a grand jury sitting in the Superior Court of New Jersey, Law Division, Camden County, indicted Artwell, Jonathan Martin, and Paulson for the first-degree murder of Ronald Jackson on August 11 or 12, 2002, felony murder, aggravated arson, conspiracy, and hindering apprehension or prosecution.  Paulson and Martin testified against Artwell at his trial which began on May 31, 2006.[1]  Other evidence included Artwell's two taped statements to police and the testimony of Dr. Ian Hood, a forensic pathologist who testified that Jackson was alive at the time of the fire and that the primary cause of death was inhalation of smoke and soot

---

[1] Martin pled guilty to second-degree reckless manslaughter and third-degree hindering apprehension or prosecution and received an aggregate seven-year term of imprisonment.  Paulson pled guilty to aggravated manslaughter.

3

and thermal burns.  Trial continued over five days.  The jury returned a verdict on June 8, 2006, after two and one-half hours of deliberation, finding Artwell not guilty of first-degree murder or conspiracy to commit murder, and guilty of the lesser included offense of aggravated manslaughter and the remaining charges.

On August 4, 2006, the trial judge sentenced Artwell to life in prison, subject to an 85% period of parole ineligibility, and a consecutive five-year term, with 2.5 years of parole ineligibility. Artwell appealed, and on March 31, 2009, the Appellate Division affirmed.  *See State v. Artwell*, 2009 WL 816628 (N.J. Super. Ct., App. Div., Mar. 31, 2009).  The New Jersey Supreme Court denied certification on May 21, 2009.  *See State v. Artwell*, 199 N.J. 518 (2009) (table).

Artwell filed his pro se petition for post-conviction relief in the trial court on April 27, 2010.  The trial judge denied it on December 3, 2010, after hearing oral argument and Artwell's testimony.  Artwell appealed, and on January 8, 2013, the Appellate Division affirmed the order denying post-conviction relief.  *See State v. Artwell*, 2013 WL 68722 (N.J. Super. Ct., App. Div., Jan. 8, 2013).  The New Jersey Supreme Court denied certification on June 28, 2013.  *See State v. Artwell*, 214 N.J. 119 (2013)(table).

C.   Procedural History of § 2254 Petition

Artwell signed his § 2254 Petition on January 9, 2014.  The Clerk received it on January 21, 2014.[2]  The Petition raises the following grounds for relief:

> Ground One:  DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.
>
> Factual Support:  Counsel merely "touched" on grounds that were contradictory and never fully sought out explanation to those questionable actions.  Counsel never effectively emphasized the conflicting testimony of State's witness and witness' statements.  Counsel failed to follow through with the importance of discrepancy in the time line of the taped and non-tape[d] line of questioning.
>
> Ground Two:  CONVICTION OBTAINED BY A VIOLATION OF THE PRIVILEGE OF SELF-INCRIMINATION.
>
> Factual Support:  Detectives use[d] the fact that I had not been to sleep for days to get me to believe that I could help co-defendant Paulson if I gave a statement "more consistent" with what they had gotten from her.  They persuaded her to say that I had come up with the decision to "get rid of" the victim.  Paulson's last statement (tape) verifies that fact.
>
> Ground Three:  CONVICTION OBTAINED BY USE OF COERCED CONFESSION.

---

[2] The Court notified Artwell of his right to amend the Petition to include all available federal claims in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and in response to Artwell's letter expressing his intent to "seek a hold" on the Petition in order to seek a second post-conviction relief hearing, the Court explained the statute of limitations, the exhaustion doctrine, and the standard for granting a stay under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  (ECF Nos. 4, 5.)  Artwell did not thereafter seek a stay or file an amended § 2254 petition.

5

> Factual Support:  My incriminating statement was a result of lack of sleep and my desire to help Paulson (without full knowledge of what actually happened.)  The discrepancy in non-taped and taped interrogations r[]ises to the level of being indicative of such a conclusion.

(Petition, ECF No. 1 at 4-5.)

The State filed an Answer arguing that Artwell failed to exhaust his claims, that he procedurally defaulted his claims, and that he is not entitled to habeas relief on the merits of his claims.  (ECF No. 13.)

## II.  DISCUSSION

A.  <u>Failure to Exhaust</u>

The State argues that dismissal of the three grounds raised in the Petition is warranted under 28 U.S.C. § 2254(b)(1) because Artwell failed to exhaust any of his grounds in the New Jersey courts.

Prior to reviewing the merits of federal claims in a § 2254 petition, a district court is required to consider the issue of exhaustion.  *See Rhines v. Weber*, 544 U.S. 269 (2005); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B).  Section 2254(b) provides that a writ "shall not be granted" unless (1) "the applicant has exhausted the remedies available in the courts of the State," or (2) "there is an absence of available State corrective process," or (3) "circumstances exist that render such process ineffective to

6

protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *see also Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert*, 134 F.3d at 513; *Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." *Lambert*, 134 F.3d at 513-14.

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust a ground, a petitioner in the custody of the State of New Jersey must fairly present it as a federal ground to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court. *See*

7

*Toulson*, 987 F.2d at 987-89.  "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).

In his Petition, Artwell asserts that the admission of his statement violated his Fifth Amendment right not to incriminate himself (Ground Two), the statement was coerced (Ground Three) and trial counsel was constitutionally deficient in failing to fully seek out contradictory grounds and questionable actions, failing to emphasize the conflicting testimony of the government's witnesses and their statements, and failing to follow through on discrepancies in the time line of the taped and non-taped lines of questioning (Ground One).  Artwell did not raise any of these claims on direct appeal.[3]  Although Artwell argued on appeal from the order denying post-conviction relief that counsel was constitutionally ineffective, the only deficiency that he raised was counsel's failure to investigate adequately and to call as a

---

[3] On direct appeal, Artwell argued:  (1) the failure to instruct the jury on passion/provocation manslaughter was reversible error; (2) the jury charge was incomplete in violation of due process; and (3) the sentence was excessive.  *See State v. Artwell*, 2009 WL 816628 at \*4.

8

witness Dr. Adams, an expert who had provided a report indicating that Jackson was dead before the fire started.[4]

Thus, the record establishes that Artwell did not exhaust any of the grounds raised in his § 2254 Petition before all three levels of the New Jersey courts. Unless exhaustion is excused, this Court is statutorily precluded from granting Artwell a writ, no matter how meritorious his federal grounds may be. *See* 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *Lambert*, 134 F.3d at 513.

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). "[U]nless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for

---

[4] Counsel argued on appeal from the denial of post-conviction relief that, although appointed counsel had obtained a report from Dr. Adams and had turned that report over to retained trial counsel, trial counsel was ineffective in "fail[ing] to follow-up and/or to produce Adams as a witness," (ECF No. 13-17 at 25), because in conjunction with Dr. Adams's conclusion that Jackson died before the fire "there certainly was ample evidence that a passion/provocation charge was required." *Id*. at 23-24. In a pro se reply brief, Artwell also argued that counsel's "failure to investigate and/or to secure the testimony of expert witness Dr. Adams, deprived Defendant of a fair trial, effective assistance of counsel and materially contributed to Defendant's conviction warranting vacation of his conviction and sentence." (ECF No. 13-19 at 5.)

nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." *Lambert*, 134 F.3d at 517; *see also Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012). Section 2254(b)(1)(B)(i) does not excuse Artwell's failure to exhaust because no state court has determined that Artwell is precluded from raising the grounds in his § 2254 Petition in the New Jersey courts.

Nor does § 2254(b)(1)(B)(ii) excuse the failure to exhaust in this case. Section 2254(b)(1)(B)(ii) excuses failure to exhaust where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" *Lambert*, 134 F.3d at 516 (quoting *Christy v. Horn*, 115 F.3d 201, 207 (3d Cir. 1997)); *see also Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). Here, Artwell's failure to exhaust is not excused under this provision because nothing presented to this Court suggests that New Jersey's appellate review procedures are inadequate to adjudicate the federal grounds he raises in his § 2254 Petition.

B.   Stay and Abeyance

When faced with a petition, such as Artwell's, which contains an unexhausted claim, a District Court has four options:  (1) stay the petition pending the outcome of state proceedings[5]; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2).  *See Rhines*, 544 U.S. at 277-78; *Mallory v. Bickell,* 563 F. App'x 212, 215 (3d Cir. 2014); *Urcinoli v. Cathel*, 546 F.3d 269, 276 (3d Cir. 2008).

Option 1 - stay and abeyance - is not appropriate in this case because the initial § 2254 Petition was filed after the 365-day statute of limitations expired and nothing presently before the Court indicates that equitable tolling is warranted.[6]  The statute

---

[5] The stay and abeyance procedure is available to § 2254 petitions that contain only unexhausted claims. *See Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009).

[6] The one year statute of limitations is subject to equitable tolling.  *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Ross v. Varano*, 712 F.3d 784, 798-800 (3d Cir. 2013).  A court extends the remedy of equitable tolling "sparingly," when "principles of equity would make the rigid application of a limitation period unfair."  *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013) (citations and internal quotation marks omitted).  A habeas "'petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *McQuiggin*, 133 S.Ct. at 1931 (quoting *Holland*, 560 U.S.

11

of limitations for Artwell's § 2254 grounds began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Because the New Jersey Supreme Court denied certification on Artwell's direct appeal on May 21, 2009, *see State v. Artwell,* 199 N.J. 518 (2009), the federal statute of limitations began 91 days later on August 25, 2009.  The limitations period ran for 245 days and was statutorily tolled on April 27, 2010, the date on which Artwell filed his petition for post-conviction relief in the trial court. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")  The 365-day limitations period picked up again at day 246 on June 29, 2013, the day after the New Jersey Supreme Court denied certification on Artwell's post-conviction relief petition, and ran for the next 120 days until it expired on Monday, October 28, 2013.  Artwell's § 2254 Petition is time

---

at 649) (internal quotation marks omitted).  A court must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650.

12

barred, absent equitable tolling, because he did not sign his § 2254 Petition, and presumably hand it to prison officials for mailing to the Clerk, until January 9, 2014, after the statute of limitations had expired.

Option 2 – allowing Artwell to delete the unexhausted claims and proceed on the exhausted claims – is not available because the Petition contains no exhausted claims. That leaves the Court with the choice of either dismissing the § 2254 Petition without prejudice as unexhausted, or denying the unexhausted claims with prejudice on the merits. Given that it is conceivable that Artwell might be able to argue equitable tolling of the statute of limitations, provided he is able to assert facts showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013)(quoting *Holland v. Florida*, 560 U.S. 631, 649) (2010)(internal quotation marks omitted), this Court will dismiss the § 2254 Petition without prejudice for failure to exhaust the claims raised in the Petition. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Aruanno v. Sherrer*, 277 F. App'x 155 (3d Cir. 2008).

The Court emphasizes that Artwell may file a second § 2254 petition raising the same three claims *after* he exhausts them before all three levels of the New Jersey courts, but he will have

13

to show that he is entitled to equitable tolling of the statute limitations before this Court will entertain the merits of his claims.

## IV. CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition without prejudice for failure to exhaust is correct.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V.   CONCLUSION

This Court will dismiss the Petition without prejudice and deny a certificate of appealability.  An appropriate Order accompanies this Opinion.

s/Noel L. Hillman<br>
**NOEL L. HILLMAN, U.S.D.J.**

Dated:  April 29, 2016
At Camden, New Jersey

14